**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114370

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jasmine Romero, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Dynamic Recovery Solutions, LLC and Cavalry SPV I, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jasmine Romero, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Dynamic Recovery Solutions, LLC and Cavalry SPV I, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Jasmine Romero is an individual who is a citizen of the State of Florida residing in Miami-Dade County, Florida.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Dynamic Recovery Solutions, LLC, is a South Carolina Limited Liability Company with a principal place of business in Greenville County, South Carolina.

8.      On information and belief, Defendant Cavalry SPV I, LLC, is a New York Limited Liability Company with a principal place of business in Westchester County, New York.

9.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendants allege Plaintiff owes a debt ("the Debt").

12.     The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14.     Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated May 4, 2017. (**Exhibit 1.**")

16.     The letter was the initial communication Plaintiff received from Defendants.

17.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18.     The Letter indicates that Plaintiff's debt is time-barred.

19.     The Letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry will not sue you for it and Cavalry will not report it to any credit reporting agency."

20.     The Letter offers Plaintiff partial payment settlement options.

21. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to disclose that the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations.

22. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to disclose that if the consumer admits, affirms, acknowledges, or promises to pay the debt, the statute of limitations may restart.

23. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

24. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Defendants' conduct, as described herein, is a false representation of the legal status of the debt.

26. Defendants' conduct, as described herein, is a false representation or deceptive means to collect or attempt to collect the debt.

27. The least sophisticated consumer would likely be deceived by Defendants' conduct.

28. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

29. The least sophisticated consumer would likely be deceived into making a partial payment, thereby reviving the otherwise time-barred claim.

30. The least sophisticated consumer would likely be deceived into promising to make a partial payment, thereby reviving the otherwise time-barred claim.

31. Defendants' conduct violates 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendants attempted to collect a time-barred consumer debt without advising the consumer that making a partial payment and/or promising to make a partial payment could revive the otherwise time-barred claim, from one year before the date of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

this Complaint to the present.

33. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

34. Defendants regularly engage in debt collection.

35. The Class consists of more than 35 persons from whom Defendants attempted to collect a time-barred consumer debt without advising the consumer that making a partial payment and/or promising to make a partial payment could revive the otherwise time-barred claim.

36. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendants' actions violate the FDCPA; and

d.   Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: February 14, 2018

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114370